IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. KOPAC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-355E |
| ) | JUDGE McLAUGHLIN |
| JOSEPH DESUTA, ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that this petition for writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.   REPORT**

Petitioner, David Kopac, is a state prisoner incarcerated at the State Regional Correctional Facility at Mercer, Pennsylvania. He is serving a sentence of 15 to 30 years for rape and forgery. Sentence was imposed in the Court of Common Pleas of Erie County, Pennsylvania, in 1980. Petitioner challenges several decisions by the Pennsylvania Board of Probation and Parole to deny him parole, with the latest occurring on February 23, 2004. Kopac asserts that the Board's denials violate the Ex Post Facto Clause in that the Board made the protection of the public its preeminent consideration in denying parole. In this respect, Kopac relies upon the analysis set forth in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir.) ("Mickens-Thomas I"), cert. denied sub. nom. Gillis v. Hollawell, 540 U.S. 875, 124 S.Ct. 229 (2003). In Kopac's view, Mickens-Thomas requires that he be released from custody due to the Board's improper reliance on the "new" factors introduced by the 1996 amendment to Pennsylvania's parole statute.

The Commonwealth, by the District Attorney of Erie County, has responded to the petition (Docket #12). A response has also been filed on behalf of the Commonwealth by the Attorney General of Pennsylvania (Docket #13). Both responses assert that all of Kopac's

challenges to the denials of parole, save the final one, are mooted by the 2004 denial, and that the claim of an ex post facto violation is meritless. The petition is ripe for disposition.

### 1. Mootness.

Kopac seeks to challenge several Board decisions dating to 1997. However, since the remedy available under Mickens-Thomas I for an ex post facto violation would be a new hearing, challenges to parole denials occurring prior to February 2004 are mooted by the Board's parole denial of February 23, 2004. See Johnson v. Lavan, 2004 WL 1622051 (E.D. 2004) (adopting magistrate judge's report at 2004 WL 1291973, page cite at *4 n. 4); Gauche v. Lavan, 2005 WL 1324859 (M.D.Pa. 2005)(challenges to all but most recent parole denial are moot since remedy would be remand for new hearing). Thus, the Court will consider only Kopac's challenge to the Board's February 2004 parole denial.

### 2. Merits.

The Board's February 23, 2004 decision cites the following reasons for denying parole:

> The recommendation made by the Department of Corrections.
>
> Your history of supervision failure(s).
>
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your interview with the hearing examiner and/or board member.
>
> Other factors deemed pertinent in determining that you should not be paroled:
>
> Repeat sex offenses against prepubescent females.

(Docket #13, Appendix B). Kopac argues that prior to the 1996 amendments to the Pennsylvania statute his release on parole would have been more likely. He argues that the failure to follow pre-1996 guidelines for considering his parole application is fatal to the Board's decision. The Court of Appeals' decision in Mickens-Thomas requires, in petitioner's view, that this court immediately order his release on parole.

- 2 -

Kopac misreads applicable precedent. The Court of Appeals has recently provided an overview of the evolution of claims such as Kopac's, and that overview informs this court's decision on the merits of Kopac's claim:

> The Pennsylvania Supreme Court first addressed the ex post facto implications of the changes to the parole laws in Winklespecht v. Pennsylvania Board of Probation and Parole, 571 Pa. 685, 813 A.2d 688, 691 (2002). In that case, Justice Eakin reasoned that the 1996 Amendments did not create a new offense, increase the penalty for an existing offense, or create a substantial risk that parole would be denied more frequently, and therefore it did not violate the Ex Post Facto Clause. Id. at 691-92. Winklespecht, however, featured the opinions of four different judges and no clear majority opinion emerged.
>
> Following Winklespecht, we weighed in on the Ex Post Facto question in Mickens-Thomas v. Vaughn, 321 F.3d at 392. In Mickens-Thomas, we concluded that the Parole Board interpreted the amendments to the parole statute in a way that fundamentally altered the parole application reviewing process by placing primary importance on public safety as a consideration of whether to grant parole. Id. at 384-85. The Pennsylvania Supreme Court responded in Finnegan v. Pennsylvania Board of Probation and Parole, 576 Pa. 59, 838 A.2d 684, 690 (2003), recognizing our decision in Mickens-Thomas, but also noting its limited application. It then took the opportunity to "reiterate that the 1996 revision of § 331.1 of the Parole Act does not violate the ex post facto clause when applied to a prisoner convicted prior to the revision." Id.
>
> Shortly thereafter, a plurality of the Pennsylvania Supreme Court took the opportunity in Hall v. Pennsylvania Board of Probation and Parole, 578 Pa. 245, 851 A.2d 859, 865 (2004), to expressly disagree with our decision in Mickens-Thomas. Hall, however, offered no further Ex Post Facto analysis.
>
> Most recently, the Pennsylvania Supreme Court revisited the 1996 parole amendments in Cimaszewski v. Board of Probation and Parole, 582 Pa. 27, 868 A.2d 416, 427 (2005). Although again fragmented, a clear majority of the court explicitly rejected Finnegan and held that "under Garner [v. Jones, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000)] and [California Dept. of Corrections v.] Morales, [514 U.S. 499, 115 S.Ct. 1597 (1995),] the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration." Id. In our recent decision in Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 2005 WL 2155505 (3d Cir. Sept. 8, 2005), we recognized that the Cimaszewski decision had squarely answered in the affirmative that the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that **a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex post facto claim**. Id. at *8.

Parker v. Kelchner, 429 F.3d 58, 64 ( (emphasis added). As this synopsis of Mickens-Thomas I

and subsequent state and federal case law establishes, an ex post facto claim premised upon the "changes" engendered by the 1996 amendment of Pennsylvania's parole statute requires that a petitioner establish "individual disadvantage." In this case, Kopac's burden is to show that the 1996 amendments, as applied in this case, created a significant risk that his incarceration would be prolonged. Richardson, supra.

Kopac has not established "individual disadvantage." First, the reasons set forth by the Board for denying parole to Kopac are entirely in line with the pre-1996 requirements of the Parole Act. See, e.g., Mickens-Thomas I, 321 F.3d at 378. Further, unlike the Board's decision in Mickens-Thomas I, the Board's February 23, 2004, decision in this case does not expressly reflect that additional weight was given to public safety concerns. There is no indication on this record that the 1996 amendments to the Pennsylvania Parole Act had any effect on the decision to deny Kopac parole. Therefore, as required under Richardson, Kopac has not shown that he was personally disadvantaged by the use of the 1996 amendments. Cf., Rivera v. Gillis, 2006WL208803 (M.D.Pa. 2006)(specific reasons for denying parole were reasons appropriately considered pre-1996). Since a violation of the Ex Post Facto Clause has not been established, Kopac's petition should be dismissed.

### C.   Certificate of Appealability

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Kopac has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

It is respectfully recommended that this petition be dismissed and a certificate of

appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2006